IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| WESLEY FORD HAMMOND ) | |
| ) | Case No. 7:13CV00044 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| LYNCHBURG ADULT DETENTION ) | By: James C. Turk |
| CENTER, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff filed a motion in Case No. 7:12CV00190, seeking an order that he be transferred from the Lynchburg Adult Detention Center to a jail in Charlottesville, because he believed he would get better medical care at the other jail. The court construed and docketed this motion as a new civil rights action, pursuant to 42 U.S.C. § 1983, and filed the case conditionally on February 1, 2013, to allow plaintiff to comply with prefiling requirements under 28 U.S.C. § 1915 and 42 U.S.C. § 1997e(a). By letter received February 4, 2013, plaintiff notified the court that he has been transferred back to the Charlottesville jail, as he had requested in his motion.

Where a prisoner seeks only injunctive relief regarding an allegedly unconstitutional prison condition, the prisoner's subsequent transfer to another detention facility renders moot his claim for injunctive relief against officials at the original prison. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (prisoner's request for injunctive relief on inadequacy of law library claim rendered moot by transfer); Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive relief regarding allegedly unconstitutional prison conditions). Plaintiff's motion here sought only injunctive relief because of allegedly

unsatisfactory conditions at the Lynchburg jail facility where he was confined. Now, through plaintiff's transfer to another prison facility, his claim for injunctive relief because of the alleged conditions at the Lynchburg facility is moot and must be dismissed without prejudice. An appropriate order will issue this day.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:**   This 7th day of February, 2013.

*/s/ James C. Turk*
Senior United States District Judge